Filed 9/10/25  P. v. Muriel CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063818 |
| v. | (Super. Ct. No. 06WF3139) |
| ROBERTO ISMAEL MURIEL, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

Roberto Ismael Muriel in pro. per.; and Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Roberto Ismael Muriel filed a petition in the trial court seeking the appointment of counsel and "resentencing in light of Assembly Bill [No.] 333 [(2021–2022 Reg. Sess.)]." The court denied Muriel's request for appointed counsel and resentencing as Muriel had failed to establish grounds warranting his requests. Although not specifically requested, the court found Muriel did not have authority to petition for relief on his own under Penal Code section 1172.1.[1]

Muriel appealed. Appointed appellate counsel for Muriel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 and requested this court conduct an independent review of the entire record. Acknowledging *Anders v. California* (1967) 386 U.S. 738, appellate counsel identified an issue to assist us in our review. Muriel filed a supplemental brief on his own behalf.

Exercising our discretion under *People v. Delgadillo, supra*, 14 Cal.5th at pages 230, 232, we examined the entire record as well as Muriel's supplemental brief and find no reasonably arguable issue. We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2013, a jury found Muriel guilty of attempted murder (§§ 664, subd. (a), 187, subd. (a)), aggravated assault (§ 245, subd. (a)(2)), shooting at an inhabited dwelling (§ 246) and active participation in a criminal street gang (§ 186.22, subd. (a)). The jury also found true allegations Muriel personally used a firearm (§ 12022.5, subd. (a)) in the commission of the attempted murder and aggravated assault and personally discharged a firearm as a principal (§ 12022.53, subds. (c) & (e)(1)) in the commission of

---

[1] All further statutory references are to the Penal Code.

2

the attempted murder. Additionally, the jury found the attempted murder, aggravated assault, and shooting at an inhabited dwelling were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). The trial court imposed a sentence of 15 years to life. On direct appeal to this court, the judgment was affirmed. (*People v. Muriel* (Jan. 20, 2015, G049226) [nonpub. opn.].)

In January 2024, Muriel filed a "Petition for Resentencing and Motion for Appointment of Counsel in Light of Assembly Bill [No.] 333 (*Mendoza v.* [*Superior Court*,] May 03, 2023) Penal Code [section] 1109." (Italics added and some capitalization omitted.) In a minute order issued February 2024, the trial court denied Muriel's motion for appointment of counsel and his petition. The court found Muriel had not "establish[ed] grounds warranting the requested relief" and the court lacked jurisdiction to resentence Muriel as his judgment of conviction became final in 2015. Muriel appealed the court's decision.

DISCUSSION

Muriel's counsel suggests we consider whether we have "subject matter jurisdiction to extend relief" given that Muriel was sentenced under subdivision (b)(4) of Penal Code section 186.22, but the jury only found true subdivision (b)(1) of Penal Code section 186.22 as charged in the alleged information. In his supplemental brief, Muriel cites to this issue and argues it "calls into question the entire record of conviction."

It does appear the jury found subdivision (b)(1) of Penal Code section 186.22 to be true as to, inter alia, the shooting at an inhabited dwelling charge, and the trial court sentenced Muriel as to this offense pursuant to subdivision (b)(4), which was not specifically alleged in the amended information. However, this claim is beyond the scope of this appeal

3

from the postjudgment order. Our review is limited to whether the court properly denied the motion for appointment of counsel and petition for resentencing Muriel filed in January 2024.

Muriel also argues a reversal or modification of "judgment for the excessive sentence that ameliorative changes to the Legislature have intended with respect to any resentencing." We understand this argument to be one Muriel asserted below in his petition for resentencing pursuant to Penal Code section 1109.

Assembly Bill No. 333 (2021–2022 Reg. Sess.), also known as the STEP Forward Act of 2021 (Stats. 2021, ch. 699, § 1), added Penal Code section 1109 to the Penal Code. (Stats. 2021, ch. 699, § 5; *People v. Burgos* (2024) 16 Cal.5th 1, 7.) "[S]ection 1109 requires the trial court to try an underlying offense separately from a gang enhancement if requested by the defense, and it mandates that a substantive gang offense be tried separately from nongang-related offenses." (*Burgos,* at p. 21.) The application of Penal Code section 1109, however, is not retroactive. (*Burgos,* at pp. 11, 29–31.) Thus, since Muriel's judgment became final in 2015, well before the enactment of Penal Code section 1109, it does not apply here.[2]

---

[2] In his supplemental brief, Muriel requests a stay of this appeal to "remand to the superior court to file a [California Racial Justice Act] motion." (See § 745.) We deny the request. Since Muriel's judgment was final in 2015, he cannot raise claims based on the California Racial Justice Act in this appeal, which is an appeal from a postjudgment order and not a direct appeal from a conviction or sentence. (*People v. Lashon* (2024) 98 Cal.App.5th 804, 810 ["postjudgment [California Racial Justice Act] claims based on the trial record may be raised on direct appeal from the conviction or sentence"].) Muriel may raise claims concerning the California Racial Justice Act in a petition for writ of habeas corpus. (*Lashon,* at p. 817.)

After independently reviewing the entire appellate record, we find no arguable issue.

## DISPOSITION

The postjudgment order denying Muriel's petition for resentencing and motion for appointment of counsel is affirmed.


MOTOIKE, ACTING P. J.

WE CONCUR:


MOORE, J.


GOODING, J.